IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| KIRK LANKFORD, | ) | CIV. NO. 1:12-00362 LEK/RLP |
| | ) | |
| Petitioner, | ) | |
| | ) | ORDER DENYING AND DISMISSING |
| vs. | ) | ACTION WITHOUT PREJUDICE |
| | ) | |
| WARDEN TODD THOMAS, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

### **DISMISSAL ORDER**

Before the court is *pro se* petitioner Kirk Lankford's "Motion Requesting Equitable Tolling of AEDPA's One Year Statute of Limitations on Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254." ECF #1. Lankford states that he was convicted of second degree murder in the Circuit Court of the First Circuit, State of Hawaii, on April 14, 2008. *Id.* at 2. He says that the Hawaii Intermediate Court of Appeals denied his direct appeal and the Hawaii Supreme Court denied his petition for *certiorari*.

Lankford alleges that Respondent Saguaro Correctional Center Warden Todd Thomas is frustrating his attempt to file a federal habeas petition by denying Lankford legal assistance from another inmate. Lankford also claims that his appellate attorney, Public Defender James Tabe, is impeding his attempts to proceed with a federal habeas petition by failing to provide him with his trial transcripts. Plaintiff requests this court to

equitably toll his as-yet-unfiled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Lankford's application essentially seeks an advisory opinion regarding whether applicable statutory or equitable tolling principles would rescue an untimely federal habeas petition that has yet to be filed.  The Constitution's "case or controversy" jurisdictional limitation precludes granting such an advisory opinion, because there are no adverse parties before the court and there is no concrete dispute for this court to decide. *See Valley Forge Christian Coll. v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982); *Woodford v. Garceau*, 538 U.S. 202, 207-08 (2003) (stating that, just as civil actions in general begin with the filing of a complaint, a habeas action begins with the filing of an application for habeas corpus relief); *Sisneros v. Biter*, 2012 WL 395758 (C.D. Cal., Feb. 6, 2012) (declining to issue an advisory opinion on the timeliness of an unfiled habeas petition); *Bjorn v. Warden*, 2009 WL 1392089 (N.D. Cal., May 14, 2009) (holding that, in the absence of a concrete dispute, the federal court cannot grant extension of time to file habeas corpus petition); *Chairez v. Adams*, 2007 WL 1703750 (N.D. Cal., Jun. 11, 2007) ("In the absence of an actual petition for a writ of habeas corpus or other civil complaint, there is no case or controversy for this Court to adjudicate."); *In re Brockett*, 2006 WL 1329675 (N.D.

Cal. May 15, 2006); *see also United States v. Leon*, 203 F.3d 162, 164 (2d Cir. 2000) (holding that a federal court lacks jurisdiction to consider the timeliness of a § 2255 petition until a petition actually is filed).

Lankford must file a habeas corpus petition in this court before the court can act upon either his substantive claims or on any claim that he is entitled to statutory or equitable tolling of the limitations period.  The court does not have jurisdiction to extend the time for filing a putative or give an advisory opinion as to the timeliness of an unfiled petition. Lankford's Motion is DENIED as are any other pending motions and this action is dismissed without prejudice.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, July 5, 2012.



　　　　　　　　　　　　　　　 /S/ Leslie E. Kobayashi
　　　　　　　　　　　　　　　Leslie E. Kobayashi
　　　　　　　　　　　　　　　United States District Judge

*Lankford v. Thomas,* 1:12-cv-00362 LEK/RLP; Dismissal Order; psas/Habeas/ DMP/2012 Lankford 12-362 lek (dny m. equit. toll'g as adv. op)